*522 OPINION.
Lansdon :
The notice of deficiency makes no reference to the year 1917, and determines overassessments for the years 1918, 1921, 1922, and 1923. The parties stipulate that the overassessments indicated in the deficiency letter are in each instance based on the assessments in the several income and profits-tax returns made by the petitioner for the respective years. The Board has no jurisdiction over such years. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255. The tax liability of the petitioner for the year 1917 is not before us for redetermination.
From the foregoing, it follows that only the deficiencies for the years 1919 and 1920 are before us for redetermination. Only questions of fact relating to depreciation and the correct valuation of the petitioner’s inventory for 1919 are at issue. We have found that during the taxable year the petitioner owned depreciable assets of the value of $49,185, and the average useful life of such assets was 20 years. Deductions from gross income for each of such years on account of depreciation should be recomputed on such basis.
We are convinced that the amount of $238,613.55 represents the true value of the petitioner’s closing inventory for the year 1919, taken on the basis of cost. The physical count was made in December. That the actual invoice costs were not extended until some weeks later is not material. The petitioner’s taxable income for the *523 year 1919 should be recomputed on the basis of closing inventory in the amount that we have found.
No evidence was introduced or argument made by the petitioner as to its allegation that invested capital was improperly reduced by the respondent for the years 1919 and 1920 by the amount of income taxes paid in each of such years. On this issue the determination of the respondent is approved.

Judgment will be entered on 10 days’ notice, v/nder Bule SO.